(49 Misc. Rep. 547)

FEDERAL SIGN SYSTEM ELECTRIC v. EPPS et al.

(Supreme Court, Appellate Term. February 27, 1906.)

DAMAGES—BREACH OF CONTRACT—LIQUIDATED DAMAGES—EFFECT OF PROVISION IN CONTRACT.

Plaintiff agreed to install an electric sign on premises leased by defendant. The contract was in writing, and provided that, if the lessee failed to pay the rents stipulated, the plaintiff would have the right to remove the sign, and the defendant would thereupon become obligated to pay, in addition to the agreed rental, the sum of $75 as liquidated damages to cover the expense of installing the sign on the premises. *Held*, that the provision was one for liquidated damages, and not one for a penalty.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 154–178.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Federal Sign System Electric against Norman S. Epps and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

David Paine, for appellant.

Wilford H. Smith, for respondents.

GREENBAUM, J. This action was brou ;ht to recover the sum of $75 as liquidated damages for breach of cont·act. The plaintiff agreed to install an electric sign on the premises leased by the defendant. The contract was in writing, one of the provisions thereof being that, in case of the lessee failing to pay the rents stipulated thereunder, the plaintiff would have the right to remove said sign, and the defendant would thereupon become obligated to pay, in addition to the agreed rental, the sum of $75 as liquidated damages, to cover the company's expense in installing the sign upon the premises.

The plaintiff attempted to prove, in conformity with the allegations in its complaint, a failure on the part of the tenant to pay the rental, as provided for under the contract, and the removal of the sign by it in consequence of such default. The record shows that the trial court evidently confused the claim of the plaintiff with one that might have arisen out of another clause of the contract, which provided for indemnity to the plaintiff for any expense it may have been put to in case of being compelled to remove the sign on account of the failure of the lessee to secure the consent of the landlord, which the lessee was obligated to procure under the contract.

During the course of the cross-examination of the plaintiff's witnesses, it was attempted to be shown that the sign was removed because of the landlord's refusal to consent to its retention. Plaintiff, however, absolutely disclaimed that it removed the sign for any such reason, and it should have been permitted to try the case upon its theory. The provision for the payment of $75 was clearly one for liquidated damages, and not one for a penalty. The provision of the lease affording indemnity to the plaintiff for any expense it incurred previous to receiving notice that the proper permits for hanging the signs could not be obtained stands on an entirely different ground, and should not be confused with the rights of the plaintiff demanded under the clause for liquidated damages. If, after hearing the proofs pro and con, the court would have come to the conclusion that the removal of the sign was due to the act of the landlord, and not because of the nonpayment of rent under the contract by the lessee, then it would have been proper for the trial justice to have dismissed the complaint, upon the ground that the plaintiff had not established the cause of action as pleaded.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.