FEDERAL SIGN SYSTEM ELECTRIC v. SOUTSOS.

(Supreme Court, Appellate Term. January 5, 1912.)

DAMAGES (§ 79*)—LIQUIDATED DAMAGES—VALIDITY OF STIPULATION.

Agreement under a lease of an electric sign that the lessee should pay $3.75 per week for its use, and that on breach by him the company could remove the sign, and should be entitled to $8.75 for each unexpired month of the term specified in the agreement, constituted a valid provision for liquidated damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169; Dec. Dig. § 79.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Federal Sign System Electric against Theodore Soutsos. From a judgment for partial relief, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

David Paine, for appellant.
Samuel Wasserman, for respondent.

SEABURY, J.   The plaintiff sued upon a written instrument, under which the plaintiff hired to the defendant a certain electric sign for $3.75 per week.   This instrument also provided that, in the event of a breach of the agreement by the lessee, the company had the right to remove the sign, and the lessee agreed to pay $8.75 for each unexpired month of the term specified in the agreement.   The court below awarded judgment for the plaintiff at the rate of $3.75 per week for the time during which the defendant used the sign.

Although the defendant's breach of the contract was proved, the learned court below refused to permit the plaintiff to recover the sum of $78.75 for the unexpired months of the term of the contract.   The instrument upon which the cause of action is based is a complete contract, which is signed by both parties.   In view of the direct testimony presented by the plaintiff and the appearance of the contract, we do not credit the testimony of the defendant that he signed the contract in blank, and that other and different provisions from those to which he agreed were inserted by the plaintiff without his knowledge.   The contract provided that the $8.75 a month, which in the event of a breach by the lessee the latter agreed to pay during the unexpired term of the contract, was "agreed to be the actual loss suffered by the company by reason of such breach."   This sum was agreed to be paid as liquidated damages, and not as a penalty, and the provision of the contract requiring such payment was valid.   Federal Sign System Electric Co. v. Epps, 49 Misc. Rep. 547, 98 N. Y. Supp. 855.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.