(77 South. 947)

No. 22077.

## DELLINGER v. SMITH.

(Jan. 28, 1918.   Rehearing Denied Feb. 25, 1918.)

*(Syllabus by Editorial Staff.)*

MINES AND MINERALS ⊜79(6)—FORFEITURE —LEASE—ACCEPTANCE OF RENTALS—ESTOPPEL.

Under a contract for the sale of all the oil and gas in certain lands, in consideration of one-eighth the oil produced and $200 per annum for gas, drilling to be commenced within one year and prosecuted with diligence, otherwise the contract to become void, and providing that the lessee might prevent such forfeiture by paying $212.50 per quarter for three years, and that the commencement of a well should operate as a full liquidation for all rentals, modified by acknowledgment of receipt of rentals to December 10, 1912, and to provide that, if defendant neglected to pay future quarterly dues, the lease should ipso facto be dissolved, the acts of the lessor in accepting rentals, his failure to speak when he should have spoken, in order to save defendant from the useless expenditure of a large sum for drilling a gas well, and his acceptance of compensation at $200 per annum for his share of the gas produced, inducing defendant to believe that his failure to punctually carry out his contract obligations had been condoned, estopped the lessor's widow from attacking the validity of the lease on the ground of a failure to pay a quarterly rental due in advance.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Suit by Mrs. Katherine Dellinger against John T. Smith. Judgment for plaintiff, and defendant appeals. Judgment set aside, and suit dismissed.

Alexander & Wilkinson, of Shreveport, for appellant.   L. C. Butler, of Shreveport, for appellee.

LECHE, J. Plaintiff, widow of Jacob Dellinger, sues individually and as usufructuary to have rescinded, and declared null, void, and of no effect, a mineral lease entered into by her late husband with the defendant, on the grounds that said lease contains potestative conditions on the part of defendant, and that it is a unilateral contract. She further alleges in the alternative that the time granted defendant for the performance of his obligations under said lease has expired, that defendant has failed to make payments thereunder, and especially failed to pay or tender payment of $200 due December 10, 1915.

Defendant in his answer and supplemental answer admits the existence of the lease, but denies all the facts alleged as cause for its rescission, and prays that plaintiff's suit be dismissed at her costs.

Judgment by the district court was rendered in favor of plaintiff, and defendant appeals.

On December 10, 1910, Jacob Dellinger entered into a contract with defendant, whereby he sold to said defendant all of the oil and gas in and under certain described lands, covering an area of 1,700 acres. The consideration was fixed at one-eighth of the oil produced and $200 per annum for gas. Drilling for oil or gas had to be commenced within one year and prosecuted with due diligence; otherwise, the grant was to become null and void, provided defendant might prevent such forfeiture by paying to plaintiff $212.50 per quarter for three years—it being agreed, however, that the commencement of a well should operate as full liquidation for all rentals. It was further agreed that, if defendant discovered either oil or gas, the lease would be in operation for five years from such discovery and as much longer as oil or gas might be produced in paying quantities.

Some time after having entered into this lease Dellinger sued defendant for a rescission of same, and that suit was abandoned under a compromise, which is evidenced by an additional contract of lease under date of October 2, 1912. The latter agreement contains the acknowledgment that defendant has paid quarterly rentals to December 10, 1912, that the original lease is to be continued without interruption, and that if defendant should fail or neglect to pay future quarterly dues, said lease would ipso facto be dissolved.

The record shows that defendant paid plaintiff $212.50 on June 6, 1913, and a like sum on September 8, 1913; that on October 29, 1913, defendant commenced drilling a well, which was completed November 29, 1913, and for which he expended the sum of $3,900; that the gas found in said well was never marketed, and that the well was immediately capped; that defendant paid plaintiff $200 on December 6, 1913, $200 on December 19, 1914, and that he tendered plaintiff $200 on December 15, 1915; and that plaintiff refused to accept this amount on the stated ground that the lease was no longer in effect.

The district judge in a written opinion disposes, adversely to plaintiff, of the latter's contention that the contract is null, as depending upon a potestative condition, and bases his judgment in favor of plaintiff solely on the ground that, defendant having failed to pay the quarterly rental due in advance on December 10, 1912, the contract was at once dissolved, and the subsequent dealings between the parties could not have the effect of bringing the contract back into life.

Plaintiff having adopted the opinion of the district judge as her argument in this court, the only question for decision is whether acceptance of rentals by her husband on June 6, 1913, and on October 29, 1913, permitting defendant to expend some $3,900 to drill a well on the property, in October, 1913, and receiving from defendant compensation for gas production in December, 1913, and in December, 1914, do not operate as estoppel against her in her present suit.

We believe that the acts of her husband (1) in accepting payments for rents; (2) in his failure to speak when he should have spoken, in order to save defendant from the useless expenditure of a large sum of money for drilling the gas well on the property; and (3) in his acceptance of compensation at $200 per annum, for his share of the gas production under the contract—had the effect of lulling defendant into the belief that his dereliction in punctually carrying out his obligations under the contract had been condoned, and that she cannot now recall these acts on the part of her husband to the prejudice of defendant. She is therefore equitably estopped from attacking the validity of defendant's lease. Persons bound by reciprocal obligations cannot thus play fast and loose at their option.

For these reasons, the judgment appealed from is set aside and annulled, and plaintiff's suit dismissed, with costs.