## Brooks v. Day Oil Company.

(Decided October 2, 1923.)

### Appeal from Clinton Circuit Court.

1. Mines and Minerals—Execution of Second Lease Sufficient Declaration of Forfeiture.—Where the right of forfeiture of an oil and gas lease exists at the time, the execution of a second lease is a sufficient declaration of forfeiture by the lessor.

2. Mines and Minerals—Where Notice of Intention to Demand Strict Payment by Lessee of Lien Rent Necessary.—Where an oil lessor accepts from time to time past due rentals called for in lieu of development work, and does not require a lessee to conform strictly to the lease in regard to payment of rentals, if he desires to forfeit for failure promptly to pay, reasonable notice must be given of intention thereafter to demand strict payment or forfeiture.

3. Mines and Minerals—Lessee Held not Entitled to Notice to Pay Lien Rent Before Forfeiture.—The acceptance of one past-due installment of rent in lieu of development work held not to constitute such a course of dealing between the parties as made it inequitable for the lessor to insist upon a forfeiture of oil and gas lease without notice to lessee to pay a subsequent installment, overdue for seventy days, and which the lessee was under no obligation to pay, the lease providing that if no well was drilled within one year it should become null and void, but that the lessee might prevent forfeiture from quarter to quarter, and no longer, by paying a stipulated rental in advance.

4. Mines and Minerals—Bank Without Authority to Accept Rental Past Due so as to Require Notice of Intent to Forfeit.—Where oil

lease did not confer on bank general authority to accept rentals, but only to accept rent when paid quarterly in advance as provided by the lease, the bank, being an agent of fixed and limited powers, and the limitation being well known to the lessee, could not bind the lessor by acceptance of rents long past due so as to require notice of intent to forfeit.

BERTRAM & BERTRAM for appellant.

STEWART & PARK for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Edward L. Brooks, who owned an oil and gas lease on certain land in Clinton county, brought suit against the Day Oil Company, who owned a prior lease on the same property, to recover possession of the leasehold estate. A trial before a jury resulted in a verdict and judgment for defendant and plaintiff appeals.

The facts are these: On June 30, 1917, Granville Williams and wife executed an oil and gas lease to N. B. Falkenburg, who transferred same to the Day Oil Company on May 10, 1918. Both the lease and the assignment thereof were recorded in the Clinton county clerk's office. The lease contained the following provision:

"No well shall be drilled closer that 250 feet to house or barn on said premises without the consent of both parties. Provided, however, no well is commenced on these premises within one year from this date, then this grant shall at once become null and void as to both parties, provided that second party may prevent such forfeiture from quarter to quarter and no longer by paying to the first parties or within ten days thereafter the sum of twenty-five cents per acre, payable quarterly in advance at bank of Jamestown, Jamestown, Ky., until such a well is completed."

No well was commenced during the first twelve months. The first quarterly rental was due on June 30, 1918, and was paid to Williams in person and accepted by him, but the date of the payment does not appear. The next quarterly rental, which was due on September 30, 1918, or within ten days thereafter, was deposited to the credit of Williams in the bank of Jamestown on October 4, 1918. The next payment, which was due December 30, 1918, or within ten days thereafter, was not paid until February 21, 1919, but was accepted by Williams and checked out of the bank on March 15, 1919. The payment

due March 30, 1919, or within ten days thereafter, and the payment due June 30, 1919, or within ten days thereafter, were deposited to the credit of Williams in the bank of Jamestown on July 11, 1919. All subsequent payments of rent were made before they were due. None of the money deposited on July 11, 1919, or thereafter, was checked out by Williams. On June 19, 1919, Williams and wife executed to A. M. Ferguson an oil and gas lease on the same land. On July 16, 1919, the lease was transferred to plaintiff for the recited consideration of $400.00. Both the lease and assignment were recorded.

Where the right of forfeiture exists at the time, the execution of a second lease is a sufficient declaration of forfeiture by the lessor. Thornton's Oil and Gas, vol. 2, section 863; Duffy v. Hukill, 34 West Va. 49, 11 S. E. 754; Wolfe v. Guffey, 161 Penn. 276. Therefore, the only question for decision is whether the lessor had the right to declare a forfeiture of the prior lease held by the appellee. We have ruled that where an oil lessor accepts from time to time past due rentals called for in lieu of development work, and does not require lessee to conform strictly to lease in regard to payment of rentals, if he desires to forfeit for failure promptly to pay, reasonable notice must be given lessee of intention thereafter to demand strict payment or forfeiture. Dennison v. Kenova Oil Company, 187 Ky. 831, 220 S. W. 1078. In that case, however, not only was there an agreement to pay rent in lieu of development, an agreement which the lessor could have enforced, but several past due installments of rent were accepted by the lessor, and the court was of the opinion that the course of dealing between the parties with reference to the delay money was such as to make it inequitable for the lessor to declare a forfeiture without previous notice of his intention to insist upon a strict compliance with the contract. The lease under consideration did not contain any covenant to drill or pay rent in lieu of development. On the contrary, it provided that if no well was drilled on the premises within one year the lease should become null and void, with the further provision that the lessee might prevent such forfeiture from quarter to quarter and no longer by paying the stipulated rental in advance. In other words, the lessor could not collect any rent unless the lessee elected to pay. Not only so, but only one past due installment of rent was accepted by the lessor. Taking into consideration the character of the lease, we are not

inclined to hold that the acceptance of one past due installment of rent constituted such a course of dealing between the parties as made it inequitable for the lessor to insist on a forfeiture for the failure to pay a subsequent installment of rent which had been due for seventy days, and which the lessee was under no obligation to pay.

But it is insisted that the Bank of Jamestown was the lessor's agent for receiving the rent, and its acceptance an July 11, 1919, of the two installments due on April 10th and July 10th, was a waiver of the forfeiture. The lease did not confer on the bank general authority to accept rents, but only the authority to accept rents when paid quarterly in advance as provided by the lease. Being an agent of fixed and limited powers, and the limitation being well known to the lessee, it is clear that the bank could not bind its principal by any act in excess of its authority, unless subsequently ratified by its principal, a state of case not here presented.

As the facts are admitted and present only a question of law, it follows that the trial court should have directed a verdict in favor of appellant.

This conclusion makes it unnecessary to state the court's views on the questions discussed in the original opinion.

Wherefore the petition for rehearing is overruled, the former opinion withdrawn, this opinion substituted in lieu thereof, and the judgment reversed for proceedings consistent therewith.

Whole court sitting.