L. L. REES v. CHARLES NYBORG.[1]

November 10, 1922.

No. 23,054.

**After trial on one theory, without objection, and verdict, too late to claim a variance from cause of action set up.**

1. Where a cause of action has been litigated and determined without objection, the point that it varied from the cause of action set forth in the complaint cannot be raised thereafter.

**Verdict sustained.**

2. The evidence is sufficient to sustain the verdict.

Action in the district court for Hennepin county to recover $1,418.66 for salary and $900 damages for breach of contract. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the first cause of action and granted his motion to dismiss the second, and a jury which returned a verdict for $637.50. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Ludwig O. Solem*, for appellant.

*Jay W. Smith*, for respondent.

TAYLOR, C.

Plaintiff and defendant engaged in business as dealers in auto parts and accessories under an oral agreement that defendant should

[1]Reported in 190 N. W. 482.

advance the money to buy the stock, that plaintiff, who had had several years' experience in that line of business, should manage the business, and that when the advances made by defendant had been paid back to him out of the profits of the business they were then to become partners and to own equal interests in the business. The business was continued for about nine months, and proving unprofitable the arrangement was terminated and the business closed out.

Plaintiff brought this action to recover the reasonable value of his services during the period he was engaged in the business. At the trial plaintiff testified that it was a part of the original agreement that he was to receive his necessary living expenses until the advances made by defendant were repaid and the partnership came into existence. Defendant emphatically denied any such agreement, and testified that the agreement was that plaintiff could draw not exceeding $30 per week out of the profits if they amounted to that much, but in no event was to receive more than the amount of profits actually on hand. He is corroborated by his brother and his wife. The court instructed the jury that, if they found the contract to be as stated by plaintiff, they should return a verdict for the amount reasonably necessary for his living expenses less the amount which he had already received, and that if they did not so find they should return a verdict for defendant. They returned a verdict for plaintiff for something more than one-half the amount claimed by him. Defendant appeals from an order denying a new trial.

It is urged that plaintiff is not entitled to recover because he offered no evidence to prove the cause of action alleged in his complaint, but only evidence tending to prove that he was entitled to recover the amount of his necessary living expenses. The case was tried throughout by both parties on the theory that the question at issue was whether the original agreement provided that plaintiff should receive the amount of his necessary living expenses, and it was submitted to the jury on that theory. While various objections were made to the admission of evidence at the trial, there was no objection during the trial to the theory on which the case

was being tried, nor to the manner in which it was submitted to the jury, nor to the charge to the jury. After the case had been tried in that manner it was too late to raise the point that the cause of action litigated was not the cause of action set forth in the pleadings. 2 Dunnell, Minn. Dig. § 7675.

Defendant insists that the verdict is not justified by the evidence. Plaintiff testified positively to the agreement as claimed by him. Where a verdict is supported by substantial evidence and has been approved by the trial court, it is not the province of this court to interfere, although it may think that the verdict is not in accordance with the weight of the evidence.

Defendant also insists that the amount allowed plaintiff by the jury is not warranted by the evidence. The amount to which plaintiff was entitled under his version of the contract was the amount necessary for his living expenses. The only evidence on this question was the testimony of plaintiff himself who estimated such expense at a much larger sum than the jury allowed him. In the absence of an agreement fixing the amount and of any specific data by which it could be determined, we think it was within the province of the jury to allow such sum as they deemed to be reasonable under all the circumstances disclosed at the trial.

Order affirmed.