## JAMES N. STANTON v. LEE McHUGH.[1]

February 28, 1941.

No. 32,626.

*Victor M. Petersen,* for appellant.
*Walter T. Ryan,* for respondent.

GALLAGHER, CHIEF JUSTICE.

In an action for damages for breach of contract the trial court found for plaintiff, and defendant appealed from an order denying his motion for a new trial.

The case arose out of certain dealings covering the sale of an automobile to plaintiff by defendant. The first of these dealings occurred in June, 1938, when plaintiff purchased from defendant, a dealer in used cars at Osseo, Minnesota, a 1935 Plymouth car for which he agreed to pay $395. A used car was taken in on the deal at an agreed credit of $195. The balance, including a carrying charge, was financed through the Commercial Credit Company and was payable at the rate of $14.78 per month.

[1]Reported in 296 N. W. 521.

On September 26, 1938, another deal was made whereby plaintiff gave defendant an order for a new Plymouth automobile for delivery on or about May 1, 1939. A credit of $250 was shown on the order for a used car. This was the 1935 Plymouth, upon which a balance of $221.70 was then due the finance company. The sale memorandum made no reference to this item. Plaintiff delivered the 1935 Plymouth the day after the deal was made, and defendant sold it about a month later for $350. He claims that he spent $75 for repairs before selling it.

In February, 1939, there was further talk between the parties in regard to a secondhand car, but no deal was made at that time. On February 26, 1939, plaintiff wrote defendant a letter in which he stated that he wished to apply the $250 credit toward the purchase of a 1939 two-door sedan for delivery on or before April 1, 1939. He offered to finance the balance of the purchase price through another source. On March 6, 1939, defendant replied, calling plaintiff's attention to the fact that there was a balance of $221.70 on the finance contract at the time the order was given and stating that plaintiff's credit was $28.30 instead of $250. He offered to refund that sum to plaintiff in cash or to credit him with it on the purchase of a car. Plaintiff refused to do this, and this action resulted.

The trial court found that on September 26, 1938, plaintiff's 1935 Plymouth was worth $350; that on that date he turned the same in to defendant as a down payment on a new automobile and received a credit of $250 on the purchase price thereof; that defendant accepted said 1935 Plymouth and assumed the obligation held by the finance company; that plaintiff thereafter requested delivery of the new Plymouth according to the terms and conditions of the contract but that defendant breached the contract and refused to comply with its terms; that by reason of said breach plaintiff was damaged in the sum of $250. Judgment was ordered for that sum with costs and disbursements.

Defendant challenges all of the findings of fact. We believe that decision rests upon the accuracy of these findings: (1) That de-

fendant breached his contract; (2) that defendant agreed to allow plaintiff a credit of $250 for his 1935 Plymouth and to assume the outstanding encumbrance amounting to $221.70; and (3) that plaintiff was damaged in the sum of $250.

■ We are convinced that the trial court was correct in finding that defendant breached his contract. While the complaint sounds more like an action in conversion than one for breach of contract, the case was tried and determined on the latter theory, and defendant is not now in a position to raise that question. 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7675; Rees v. Nyborg, 153 Minn. 358, 190 N. W. 482.

The evidence shows that plaintiff gave defendant a written order for a 1939 Plymouth automobile for delivery on or before April 1, 1939, and that defendant refused to deliver the automobile. The fact that plaintiff, in his letter of February 26, 1939, offered to accept a two-door instead of a four-door sedan, as provided in the order, does not alter the situation, since defendant refused to deliver any kind of a car, claiming that plaintiff's credit was for only $28.30 instead of $250 as claimed by plaintiff. If the latter's contention that he was entitled to a credit of $250 is correct, defendant was not justified in breaching his contract.

The written order referred to a credit of $250 but did not mention the encumbrance. Oral testimony was offered and received to clarify the ambiguity. There was a direct conflict between the parties on that issue. On the record the trial court was justified in finding that defendant agreed to assume the obligation to the finance company. It would hardly seem reasonable that the parties intended that plaintiff was to turn in a car for which he had paid defendant $395 about three months before on the purchase of a new automobile and receive a credit of only $250. It is more reasonable to believe that the agreement was as claimed by plaintiff. In any event, the trial court so found.

■ The final question has to do with the amount of damages to which plaintiff is entitled. The trial court found that amount to be $250 but did not indicate in its memorandum the theory upon

which the damages were based. We assume that they must have been awarded upon the theory that the parties by their contract stipulated as to the amount of damages.

Paragraph two of the conditions reads: "If seller is unable to deliver new vehicle within thirty (30) days after specified delivery date, purchaser may cancel order and seller's liability in that event is limited to the return of deposit."

Provision in a contract for liquidated damages will be deemed a penalty and therefore unenforceable where the liquidated damages so provided are so great as to bear no reasonable relation to the amount of actual injury suffered by the breach. Goodell v. Accumulative Income Corp. 185 Minn. 213, 240 N. W. 534; Palace Theatre, Inc. v. N. W. Theatres Circuit, Inc. 186 Minn. 548, 243 N. W. 849.

The reasonableness of the damages stipulated is usually the decisive thing to be considered in determining whether the provision is for liquidated damages or for a penalty. 16 Minn. L. Rev. 593-595. Here the amount of damages stipulated, while liberal, is not so unreasonable as to constitute a penalty. By defendant's breach, plaintiff was deprived of the opportunity of trading his automobile in on the purchase price of another car. We approve the amount of damages awarded by the trial court.

The order appealed from is affirmed.