[Civ. No. 2524.   Third Appellate District.—November 18, 1922.]

## JAMES G. LEBALLISTER et al., Appellants, v. JOHN MORRIS et al., Respondents.

[1] VENDOR AND VENDEE—DEFAULT—DEMAND AND PAYMENT—WAIVER. Where, after default in the payment of an installment due under a contract for the sale of real property, the vendor demands that the vendee forthwith make such payment, and the vendee immediately complies therewith by making payment to the vendor's agent, who accepts the same, there is an implied waiver as to the prompt payment of such installment and the vendor cannot thereafter stultify himself by insisting that there already had been a forfeiture by reason of the failure to make the payment on the date it became due.

[2] ID.—ACCEPTANCE OF PARTIAL PAYMENTS—WAIVER OF FORFEITURE—RESTORATION.—Where, by the acceptance of partial payments after they became due, there has been a waiver of strict performance in accordance with the terms of the contract, the right of forfeiture for a future delay in payment is temporarily suspended and can only be restored by giving a definite and special notice of an intention to that effect.

[3] ID.—WAIVER OF RIGHT OF FORFEITURE—PLEADING—APPEAL.—In an action by the vendor to annul an agreement for the sale of real property on the ground of default in payment, the objection that the answer does not plead a waiver of the right of forfeiture cannot be made for the first time on appeal.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

George E. Gardner for Appellants.

W. H. Carlin for Respondents.

BURNETT, J.—The appeal is from a judgment in favor of defendants and the record is presented by the alternative method. Appellants have filed herein only what is denominated "Appellants' Opening Brief." Therein they have not set out the pleadings or the evidence in the case, but have contented themselves with the discussion of the legal question whether a vendee by failure to make payments at the time specified in a written contract for the sale of real property, wherein time is made of the essence thereof, does not subject himself to the penalty of forfeiture. The consideration, though, as thus presented is of no assistance in the absence of an exposition of the particular facts of the case. However, what has been omitted by appellant has been supplied by respondents, and as the statement by the latter is not denied by the former, we may virtually adopt it as a proper portrayal of the real situation. On August 8, 1919, a written agreement of the sale and purchase of a tract of land near Gridley, in Butte county, for the sum of $20,000 was executed by the parties herein. Four thousand dollars were paid by respondents at that time and it was agreed that the balance should be paid in thirty-two consecutive installments of $500 each on February 8th and August 8th of every succeeding year until paid, with interest upon deferred payments at six per cent per annum. The payments were to be made at the Gridley branch of the Rideout Bank at Gridley, and the bank was to receive the moneys, give receipts therefor and hold the deed, which had been placed in escrow. On February 8, 1920, respondents made the first payment of the balance amounting to $980. They made the next payment on August 9th of $965. The next payment, which became due February 8, 1921, respondents paid in two installments, $550 on February 8, and $416 on August 1, 1921. These payments were received by the bank and accepted by appellants. The next installment became due and payable on August 8, 1921. On the next day, appellants demanded payment of this money from respondents, who then had only $200, which they offered to pay; this appellants refused to accept on account, and threatened to terminate the contract. On the following day, as soon as the Bank of Gridley was open for business, respondents went to the bank and paid to the cashier for appellants the sum of

$935.35, the total amount then due. This money was received by the cashier who had charge of this account and a deposit tag was made out in the name of appellants and as respondent, John Morris, was turning away from the counter a telephone message came from appellants' attorney to the cashier not to receive the money, but it had already been paid in, and said respondent left it there. Thereafter, upon the same day, appellants served upon respondents a written notice of cancellation of the instrument, but respondents refused to surrender possession of the premises and the action was brought for an annulment of said agreement, for the restitution of said premises and for damages in the sum of $2,000 for breach of contract. The trial court found against plaintiffs on all the material issues, and particularly as to said belated payment that

"Time is of the essence of said written agreement and the sum of $500.00 and interest under said agreement became due and payable by and from defendants to plaintiffs at The Rideout Bank in the City of Gridley, County of Butte, State of California, on the 8th day of August, 1921, under the terms of said written agreement, said money was not paid on said 8th day of August, and on the 9th day of August, plaintiffs demanded of defendants that they forthwith make said payment at said bank and again on the 10th day of August, 1921, plaintiffs again demanded of defendants at the hour of about Eight o'clock A. M. of said day that they, defendants, forthwith pay said money; and thereafter at the hour of nine-thirty A. M. of said day, defendants went to said City of Gridley, and then and there paid into said bank for said plaintiffs at said bank the sum of $935.35, being the full amount of the payment which became due and payable under said written agreement on the 8th day of August, 1921, with interest as specified in said agreement up to and including the 10th day of August, 1921; that said money was received by the Assistant Cashier of said bank and a deposit tag made out in the usual way for the purpose of depositing said money to the credit of plaintiffs upon the books of said bank. Plaintiffs did on said 10th day of August, 1921, but not until the hour of about four o'clock P. M. of said day and long after said money had been paid into said bank as aforesaid, make,

sign and serve upon defendants a written notice purporting to cancel, annul and terminate said written agreement."

In this connection the trial court further found:

"From and after the execution of said contract or agreement on the 8th day of August, 1919, defendant duly and regularly made payments of principal and interest to plaintiffs at the Gridley Branch of The Rideout Bank in the City of Gridley, County of Butte, State of California, as therein required as follows, to wit:

On February 9, 1920............................$980.00
On August 9, 1920.............................$965.00
On February 8, 1921...........................$550.00
On August 1st, 1921...........................$416.00
said last two payments making a total of $966.00, which constitutes and was the total amount which should have been paid on February 8, 1921; however they were paid in two installments as aforesaid and by plaintiffs, with full knowledge of the respective times of payment, namely, February 8, 1921, $550.00 and August 1st, 1921, the balance in the sum of $416.00, accepted and received from defendants and credited and applied upon said written agreement as full payment of the principal and interest which became due and payable under said agreement on the 8th day of February, 1921, the next payment coming due and payable under said contract on the 8th day of August, 1921, was paid by defendants to plaintiffs at said bank in the manner and at the time hereinbefore in these Findings found and specified."

[1] We must assume that these findings are supported by the evidence, and it follows that there was no forfeiture by defendants upon either of two theories. In the first place, there was an implied waiver as to the prompt payment of the installment due on August 8th by the receipt for plaintiffs on August 10th of said amount by the cashier, and also by the demand of plaintiffs, made on August 9th and August 10th, that defendants forthwith pay the money. After such demand and an immediate compliance with it plaintiffs could not stultify themselves by insisting that there already had been a forfeiture by reason of the failure to pay on the 8th of August.

[2] It is also apparent from the foregoing findings that the case falls within the principle enunciated by the au-

thorities that where, by the acceptance of partial payments after they became due, there has been a waiver of strict performance in accordance with the terms of the contract; the right of forfeiture for a future delay in payment is temporarily suspended and can only be restored by giving a definite and special notice of an intention to that effect. (*Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947]; *Meyers* v. *Williams,* 173 Cal. 301 [159 Pac. 982]; *Pearson* v. *Brown,* 27 Cal. App. 125 [148 Pac. 956].)

[3] There is no merit in the point that defendants did not plead a waiver. Respondents in their brief have set out a portion of the answer, which clearly meets this objection. Besides, as far as we are advised, no such objection was made at the trial, and appellants should not be heard to make it now for the first time.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.