150

Lu-Mi-Nus Signs, Inc., Appellee, v. Jefferson Shoe Stores, Inc., Appellant.

Gen. No. 34,106.

Opinion filed April 28, 1930.

ALEX M. GOLMAN, for appellant; BENJAMIN M. WASHER, of counsel.

MAURICE J. GREEN and PHILIP APPEL, for appellee; PHILIP APPEL, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant appeals from a judgment of $579, entered upon a verdict directed by the court upon the trial of a suit brought by plaintiff on a written agreement of the parties. The judgment was originally entered by confession. Subsequently defendant was permitted to appear and make a defense. An affidavit of merits was filed and defendant demanded a jury.

Briefly outlined, plaintiff's claim is based on what is called a "lease agreement" between the parties made January 15, 1929, wherein plaintiff agreed to furnish and install an electric illuminated sign in accordance with certain specifications set forth in the agreement which are too technical and lengthy to recite. The plaintiff was to maintain and keep the sign in good repair. Defendant agreed to keep and use it for 36 months and to pay therefor $30 in advance upon the first day of each month. The agreement contained a power of attorney to confess judgment. Further conditions and terms were that the sign should remain the property of plaintiff until the expiration of the rental period and thereupon, if all the terms of the agreement had been performed by defendant, the sign should become its property. Paragraph 8, which is the principal subject of controversy, provides that, if default is made in the payment of the monthly rate or other conditions or the refusal or neglect of the defendant to accept the sign or upon the happening of any contingency whereby plaintiff shall feel insecure or if the circumstances require a cancellation of the agreement, it was agreed that in any such event the defendant would pay plaintiff upon demand "as liquidated damages sixty per cent (60%) of the sum of the monthly payments which would accrue during the unexpired term of the lease, which sum is agreed to be the actual loss suffered by the lessor in any such event. Lessor may also, in such event, remove the sign from Lessee's premises in addition to requiring payment of liquidated damages as aforesaid." The statement of claim alleged the nonpayment of the monthly instalments for April, May, June and July, 1929. This would be $120. There does not seem to be any serious controversy over this amount. The allowance of $459 as liquidated damages is controverted.

The affidavit of merits denied in general terms any indebtedness. The major portion of the affidavit is

the allegation that the execution of the agreement was procured by fraud, which is set out somewhat extensively. It also alleges that on or about July 1, 1929, defendant notified plaintiff that it could not use the sign any longer and requested plaintiff to call for and remove it.

When the case was called for trial the defendant seems to have abandoned its position taken in its affidavit of defense, and stated in substance that it was ready to rest its defense solely upon the question of the sufficiency of the statement of claim. There was a great deal of talk by the attorneys. Defendant's counsel stated repeatedly that there was no need for a jury; that they would stand upon the ruling of the court upon its motion to withdraw its affidavit of merits and to strike the statement of claim; that the provision for liquidated damages was "absolutely illegal"; that as the whole suit was based upon the contract, the case "needs no further evidence, nothing but the contract in evidence." Counsel again stated that the case could be disposed of by his motion to strike, "and we will stand upon that motion"; that the ruling of the court on the motion "disposes of the entire defense in this case." There was much desultory conversation and the court in effect overruled defendant's motion and ordered the case presented to the jury. Thereupon plaintiff proved the execution of the agreement and rested. The court then called upon defendant for evidence but its counsel replied, "The court gives a ruling on my motion and I am standing on that."

This action of defendant's counsel thus waived all questions of the sufficiency of the evidence upon the part of plaintiff and narrowed the case to the single question as to whether the provision in the agreement for liquidated damages in case of default should be enforced or whether plaintiff should be permitted to recover only actual damages. As stated in defendant's

brief, "We contend that plaintiff's recovery should have been limited to the accrued rent, if any, due and owing and the actual damages, if any, proved to have been sustained by plaintiff by reason of defendant's breach."

Whether or not a provision in an agreement for an amount payable upon default is liquidated damages or whether the provision is merely for the payment of a penalty has been considered in a great many reported cases both in this and other States. Ordinarily agreements are made to be performed but if from the face of the instrument it appears doubtful whether the parties intended the sum specified as liquidated damages or a penalty, the decisions generally treat it as a penalty to cover the actual damages only, and this is for the reason that the party wronged is entitled to compensation only. In Volume I, Sedgwick on Damages (9th Ed.), sec. 406, the rule is stated that such an amount will be treated as liquidated damages when it appears to be a fair equivalent to a breach of contract. In all agreements fixing upon a sum in advance as the measure of liability, the question for determination is whether this violates the fundamental rule of compensation. It is also a general rule that, where the parties have agreed to have the damages fixed upon a particular basis, the courts will not, unless there is good ground for it, declare such a provision as in the nature of a penalty. *Peine v. Weber,* 47 Ill. 41; *Harper v. Tidholm,* 155 Ill. 370. Courts will give effect to the contracts of the parties with reference to liquidated damages in the absence of fraud or unconscionable oppression. *Pinkney v. Weaver,* 216 Ill. 185; *Ludlow Valve Mfg. Co. v. City of Chicago,* 181 Ill. App. 388; *Poppers v. Meagher,* 148 Ill. 192; *Bartholomae & Roesing Brewing & Malting Co. v. Modzelewski,* 269 Ill. 539; 13 Cyc. 89, 90. Where from the nature of the contract damages cannot be calculated with any degree

of certainty, the stipulated sum will usually be held to be liquidated damages where they are so denominated in the instrument. *Hennessy v. Metzger,* 152 Ill. 505.

Defendant admits liability for such actual damages as may be proved to have been sustained, but argues that plaintiff has failed to make such proof. The burden, however, was not upon the plaintiff to prove the actual damages but upon the defendant. In *Selby v. Matson,* 137 Ia. 97, the court said: "When the stipulation on its face purports to designate liquidated damages, the burden of proof to show that such was not the design in making it is always on the party so contending. *Kelly v. Ferjervary,* 111 Iowa 693. This being so, it is apparent that in order to recover on a condition broken it is not necessary to plead or prove actual damages. The complainant may rely on the contract as fixing both the fact that damages will result from the breach and the extent thereof."

If defendant had introduced evidence showing that the actual damages were considerably smaller than the amount stipulated, this could be regarded as an indication that the amount named was intended as a penalty, but no such evidence was introduced.

We are therefore relegated to the contract itself to determine from its face whether or not the provision relating to stipulated damages is so unconscionable in amount that it should not be enforced. As we have above stated, the agreement was a lease in form but with the provision that, if the rentals were paid for a period of 36 months, the sign should become the property of the defendant based upon the monthly payments. The price of the sign was $1080. This covered the cost of its manufacture, installation, maintenance and insurance and a profit to plaintiff. The details of the specifications indicate a sign of a peculiar type with special reading matter, advertising

"Buster Brown Shoes," center lined with red burning neon tubes. It is a reasonable inference that such a sign would be of peculiar value to defendant but be practically valueless to plaintiff. There would be no market value for such a sign, as far as the evidence shows, as it would be difficult to find a person needing this identical kind of a sign with the same reading matter. Under such circumstances it would be very difficult, if not impossible, to prove with certainty the actual damages suffered by plaintiff by defendant's breach.

The provision permitting the plaintiff to retake the sign upon default of defendant is criticized; but the converse would be obviously unreasonable, for the defendant might breach the contract at any time and be liable for only 60 per cent of the unpaid balance due and retain the sign at 40 per cent less than the price contracted for.

The form of the agreement might be subject to criticism. We do not see why it should not have been a contract for a conditional sale of the sign rather than in the form of a lease, but this does not of itself make the contract illegal, and defendant does not attack it upon this ground.

It cannot be said from the face of the contract that the provision for unliquidated damages is unconscionable, and we therefore hold that it should be enforced, and the judgment entered will be affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.