GEORGE BAKER,

*Plaintiff and Respondent,*

vs.

W. B. JONES, Administrator of the Estate of W. E. Collins, Deceased,

*Defendant and Appellant,*

and

BENTLEY SHIELDS,

*Defendant.*

GEORGE BAKER,

*Plaintiff and Appellant,*

vs.

W. B. JONES, Administrator of the Estate of W. E. Collins, Deceased,

*Defendant and Respondent,*

and

BENTLEY SHIELDS,

*Defendant.*

(Nos. 2517 and 2521; 240 Pac. (2d) 1165; February 27, 1952.)

For the defendant and appellant in Case No. 2517 and for defendant and respondent in Case No. 2521 the causes were submitted upon the brief of W. B. Jones of Wheatland, Wyoming, and J. A. Greenwood of Cheyenne, Wyoming, and also oral argument by Mr. Greenwood.

For the plaintiff and respondent in Case No. 2517 and plaintiff and appellant in Case No. 2521 the causes were submitted upon the brief of Kline & Kline of Cheyenne, Wyoming, and also oral argument by Arthur Kline.

318

## OPINION

ILSLEY, Justice.

Both plaintiff Baker and defendant Collins have appealed from the decree entered, Baker from a portion of the decree and Collins from all of the decree. These appeals are consolidated for hearing and disposition.

The defendant Bentley Shields filed no pleading, makes no appeal, although he testified as a witness.

Since the filing of these appeals, the defendant and appellant W. E. Collins in the one case and the defendant and respondent in the other case died and W. B. Jones has been duly and legally appointed as the administrator of the W. E. Collins Estate. W. B. Jones, as such administrator, has been substituted as a party defendant and appellant in the one case and as a party defendant and respondent in the other case.

Plaintiff Baker, by his petition, seeks to enforce specific performance of a contract; he also asks for damages and an injunction. Defendant Collins by his answer denies the right of Baker to specific performance claiming forfeiture of the contract and a decree quieting title to the lands and for an accounting during time plaintiff was in possession.

In the beginning plaintiff asked for and received after a hearing an order granting a temporary restraining order enjoining defendants from interfering with plaintiff's use and possession of the lands in question and from interfering with plaintiff in harvesting crops growing on the lands, such restraining order was to remain in effect until the case is disposed of on its merits.

The essential facts developed on trial are these:

On the 9th of April, 1948 the contract sued upon was entered into between Collins, the defendant and seller of the property in question on the one hand, and Baker, the plaintiff and purchaser, on the other, in the words following:

"The seller agrees to sell and the purchaser agrees to purchase the following described property, to-wit: The S½ of Section 21 Township 21 North, Range 65 West of the 6th P. M.

for the sum of $9,600.00 and,

39 head of mixed and unbranded cattle, for the sum of $3,900.00, being the aggregate sum of $13,500.00, which said purchase price and all deferred balances shall bear interest at the rate of 5 per cent per annum from the date hereof.

The sale and purchase price shall be paid at the times and in the manner following:

Not less than $1,000.00 and the accrued interest on September 1, 1948;

Not less than $1,000.00 and the accrued interest on January 31, 1949; and

The purchaser shall pay not less than $1,000.00 and the accrued interest on each September 1st and each January 31st thereafter until the purchase price and the accrued interest shall be paid in full.

And it is understood and agreed that the purchaser may

pay any part of said purchase price in advance of the schedule of minimum payments above stated.

IT IS AGREED AND UNDERSTOOD, that the purchaser shall have possession of the farm grounds on the above described premises and that the seller may occupy the house thereon until November 1, 1948, and that said seller shall remove all his horses from said premises not later than June 1, 1948.

IT IS AGREED AND UNDERSTOOD that the purchaser shall have the immediate possession of said live stock, and that he shall not sell or encumber the same, but the title thereto and all increase therefrom shall be and remain in the seller, until the purchaser shall have paid not less than $4,000.00 on the above mentioned purchase price.

IT IS FURTHER AGREED AND UNDERSTOOD that the Stock Growers Bank of Wheatland, Wyoming, (without financial responsibility to said Bank) is hereby constituted the escrow holder of this agreement and shall receive a copy thereof, together with a warranty deed to the above described premises running from the seller to Edgar R. Baker, together with an Abstract of Title extended down to current date evidencing said premises to be free and clear of all liens and encumbrances, and a Bill of Sale to the above described cattle. All of the above payments shall be made at said Stock Growers Bank for the credit of the seller, and said escrow holder is instructed as follows:

> Upon the payment of not less than $4,000.00, on the principal the said Bank shall deliver to the purchaser the above mentioned Bill of Sale;

> Upon the full payment of the total purchase price the said escrow holder shall deliver to the purchaser the above mentioned warranty deed and Abstract of Title.

Should the purchaser fail, neglect or refuse to promptly keep and perform all of the terms and conditions hereto, then and in that event the seller may declare this contract terminated and at an end, and may immediately take possession of the above mentioned cattle and all increase and the above described real property. And in

such event may retain all sums paid under this agreement, as and for liquidated damages and rent. Provided, however, that if the purchaser shall have received the Bill of Sale by making payment as aforesaid, then said purchaser may retain said cattle and increase, and the seller shall not then and in such event have a right to the return of said cattle.

In event that said contract shall be terminated as aforesaid the escrow holder is directed to mark the above mentioned deed void and the said Bill of Sale void, if the same has not been previously delivered, and return said instrument or instruments, together with the Abstract of Title to the seller.

IT IS AGREED AND UNDERSTOOD that the purchaser may have possession of said premises and may occupy and improve the same as long as he shall keep and perform the conditions hereof, and no longer. And that if said contract be terminated prior to the payment of not less than $4,000.00, on the principal, then he shall and does hereby agree to deliver the peaceful possession of said cattle to the seller.

IT IS AGREED AND UNDERSTOOD that the purchaser shall pay all taxes accruing on said cattle and premises for the year 1948, and all subsequent taxes."

Baker thereupon took possession of the cattle and the land. He took down some fence, broke 50 acres of new land, planted 90 to 100 acres of fall wheat, made a payment of $290.00 on June 18, 1949 to Collins and on September 9th made a payment to Collins of $3,689.00. Baker received credit of $15.00 for hauling Collins' goods; also paid the first half of the taxes for the year 1948. Baker states that "along the last of August (1948) some time, Mr. Collins said he would wait for the money; he didn't need the money; what he wanted was interest." Baker states he offered to pay $2,000.00 more some time in December. Collins did not accept the payment but said, "You are done, you are through." That defendant Bentley Shields was in actual possession of the land from December, 1948 to July, 1949 by a lease

arrangement with Collins and did summer fallowing, and the sum of $1,650.00 is allowed to Shields for this work in the trial court's decree and which plaintiff Baker is required to pay.

Collins states that he had a conversation with Baker in September or October, 1948, in regard to the $1,000.00 payment and interest due September 1, 1948, under the contract, and "I asked him to pay—it was the 1st of September payment—and he said he would pay it. That was the first time." Collins had another conversation the latter part of October when he asked Baker to make the first of September payment and he said he would. "At first he said he didn't have to pay it, did he? I said, 'Yes, you do, in order to make the contract good,' and he said, 'I will, in a couple of weeks or so.' " About a month later he again asked Baker to make payment but he didn't make it. On the 24th of December, Collins admits that Baker wanted to pay him $2,000.00, the September 1st payment of $1,000.00 and the January, 1949 payment of $1,000.00. Collins told him, "I couldn't accept the money because we didn't have any contract; that he was out of the contract. I couldn't accept; that I had no right to." J. E. Foreman, President of the Stock Growers Bank, who had the contract in escrow, stated the abstract was not deposited there; that Collins demanded his papers back and on December 3, 1948 the contract and warranty deed were returned by the bank to Collins.

Up to December 3rd Collins was willing to accept the payments under the contract. As stated in his words, "anxious to, yes." He kept the $3,900.00 paid and considered on December 3rd that the cattle were Baker's.

With respect to the damages to plaintiff by reason of his being prevented from taking care of a growing crop of crested wheat grass, counsel for plaintiff in his brief waives all claims for such damage.

Mr. Foreman, the President of the Bank, states that on June 18, 1948 Baker paid $290.00. On September 9, 1948 a payment of $3,610.00 and interest of $79.00 was made by Baker and he states that there was a balance due on the contract of $9,600.00. The contract, plaintiff's Exhibit Number 5, shows endorsements on the back of same as follows:

"Endorsements on principal 6-18-1948............$ 290.00
Balance due on principal............................... 13,210.00
9-9-1948 .................................................... 3,610.00
Balance due on principal............................... 9,600.00"

There is a further endorsement on the back of the contract "Interest paid to 9-9-48—$3,900.00 = $79.00." Foreman also stated that on December 3, 1948 Mr. Collins came around and demanded his papers in escrow, that is, his contract and warranty deed back, and they were given to him. There was no abstract to return as none was deposited. The court asked the defendant the following:

"Q. Mr. Collins, did you say that on December 3, 1948 you informed Mr. Baker that he was through? Is that the date?

"A. It was December 24th, the day before Christmas. * * *

"Q. Day before Christmas you told him he was through. He asked you something about whether you were willing up to that time—any time prior to that time—whether you were willing to accept the money that was due under the contract?

"A. Up to December 3rd, at the time that I got the papers back. * * *"

The Court: The Bank sent you the papers back on December 3rd?

"A. Yes, sir.

"Q. Any time up to that time you were willing to accept the money?

"A. Yes, sir."

The trial court entered its decree holding that "Plaintiff's claim for specific performance of said contract and plaintiff's demand for damages be denied."

"That in event plaintiff does not redeem said land as hereinafter provided that all of the right, title and interest of plaintiff in and to the South Half (S½) of Section 21, Township 21 North, Range 65 West of the 6th P.M., Platte County, Wyoming, be declared forfeited, and the title of the defendant W. E. Collins in and to said land be declared quieted as against plaintiff.

That if plaintiff shall pay to the Clerk of this Court for the use of defendant Collins, within sixty days from the date of this decree, the sum of $9,600.00 together with interest at five per cent per annum from April 9, 1948 to September 9, 1950 totaling $1,160.00, together with accruing interest at the rate of five per cent per annum from September 9, 1950, and the further sum of $1,650.00 and $69.12 in full settlement of all differences between the parties and in full reimbursement of all benefits accruing by reason of the work performed on said land by the defendant Shields, that plaintiff shall be entitled to a deed and abstract of title to said land as provided for in said contract and shall be entitled to take said land free of all claims of the defendant Collins and the defendant Shields.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that said clerk shall pay said sum so paid by the plaintiff to the defendant Collins upon the delivery to the Clerk of the Court of a warranty deed from the defendant Collins to the plaintiff together with an abstract of title extended to date showing good and merchantable title to said land to be vested in the defendant Collins, and upon the delivery to the Clerk of a release from the defendants Collins and Shields releasing plaintiff from all claims for labor, materials and services performed in connection with planting and summer fallowing said lands in the year 1949 and from any claim to any portion of the crop harvested in 1950.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that in event that the defendant Collins fails to deliver the warranty deed and

an abstract showing good and merchantable title to the said land that all moneys paid to said Clerk by plaintiff be retained by the Clerk pending the further order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that if within sixty days from the date hereof plaintiff fails to redeem as herein provided, that plaintiff shall make an immediate accounting to this Court of all crops harvested by him during the years 1949 and 1950 and all expenses incurred by him in connection with the farming and operation of said land during the period he has been in possession under the order of this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that plaintiff Baker is the owner of all of the cattle described in said contract free from all claims of defendant Collins.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that all other claims of plaintiff against defendants, or either of them, and all other claims of defendant Collins against plaintiff Baker be and the same are hereby denied."

The money required to be deposited by Baker under the terms of the decree amounting to $12,511.12 was so deposited with the Clerk of the Court for Platte County, Wyoming.

We are unable to find any basis for the allowance to Bentley Shields of the sum of $1,650.00 as damages to operate as a judgment as against Baker. Collins leased the premises to Shields after he declared a forfeiture of the contract; Shields remained in possession of the lands until July, 1949. While Shields was a defendant in the action and appeared as a witness, no pleading was filed on his behalf. Neither Baker nor Collins asked in their pleadings any damages or any relief with respect to the lease that Shields had with Collins as regards the summer fallowing or work done by Shields. Therefore, we are of the opinion that in order to render a valid

judgment in this particular it is necessary for the court to have not only jurisdiction of the defendant Shields but it should also have jurisdiction of the precise question which the judgment attempts to decide, or the remedy or relief it seeks to grant.

This court in Metcalf vs. Hart 3 Wyo. 513-520, 27 P. 900-902, 31 Am. St. Rep. 122 stated, "There are some authorities to the effect that relief may be granted which is not asked for in the formal prayer for relief, but such relief must be within the issues, and the bill must somewhere show that the party is entitled to it, even where there is a prayer for general relief. Further a judgment or decree outside the issues is without jurisdiction and void." This language is approved in Town of Newcastle vs. Smith 28 Wyo. 377, 205 P. 302 wherein this court said, "The defendants, by their default admitted no more than the allegations of the petition, and the part of the judgment not supported by those allegations was unauthorized. A judgment or decree which is entirely aside the issues raised in the record is invalid." Citing Metcalf vs. Hart, supra, Munday vs. Vail 34 N. J. Law 418, Waldron vs. Harvey 54 W. Va. 608, 46 S.E. 603, 102 Am. St. Rep. 959, 1 Black on Judgments, § 242.

We therefore conclude that the award in the sum of $1,650.00 is invalid, and that the decree is modified in that respect.

The construction of the contract above set out and the trial court's decree with reference to that contract are the subjects of the controversy before us.

The terms of the contract are clear and unambiguous. It is a question of fact as to whether or not its terms were carried out.

While the lower court in so many words refused to decree specific performance, a close reading of the decree entered shows that for all practical purposes it in

fact provided for that very thing. Equitable principles apply no matter how the decree is worded. As we view the contract, it is entire and indivisible, in which the seller agreed to sell so many cattle and so much land for $13,500.00 upon terms or conditions which, if both parties had done that which was agreed upon, the seller would have received his money and the purchaser would have received his cattle and land. Because neither party complied strictly with its terms, the seller claims that having received enough money to pay for the cattle the contract is divisible in that the cattle are paid for, and that the contract should be forfeited with respect to the land. With this we do not agree. If strict compliance is to be demanded of the purchaser, by the same token strict compliance should be demanded of the seller.

Without again reviewing the testimony, some of which is set out above, it is apparent therefrom that while Baker was late with his payments Collins, by spoken word and deed, acceded to the arrangement. If Collins did not require payment right on the dot as the contract provided as of September 1, 1948, then why should he, without giving a notice to Baker, decree the contract forfeited as regards the land on December 3, 1948? Why in good conscience and equity should not Baker have a reasonable time within which to pay?

Then, too, Collins is not without fault with respect to a strict compliance with the contract because the record shows that no abstract of title was deposited in escrow, although the contract provides that in addition to a warranty deed so deposited, "An abstract of title extended down to current date evidencing said premises to be free and clear of all liens and encumbrances" should be placed in escrow. Mr. Collins states in his testimony:

"Q. You heard Mr. Foreman's testimony that that abstract was never placed in escrow. Did you ever place one in escrow?

"A. I think not. It was too long in being furnished and then it was neglected.

"Q. You neglected to place it in the bank, is that right?

"A. It might be considered so, yes.

"Q. Now, in this contract you agreed to give a warranty deed to this property, did you not?

"A. I did.

"Q. Now, the records of Platte County in the county clerk's office shows there is an unreleased mortgage of $2,000.00 on the property, isn't there?

"A. That is an old oversight, I presume, having it looked up."

In the circumstances, we take the view that the contract is entire and indivisible. It is said, "Primarily the intention of the parties controls in determining the divisibility of a contract." 17 C.J.S. 788.

This court has announced, "It is a familiar principle of law that the contemporary construction of a contract by acts of the parties is entitled to serious consideration by the court whose duty it becomes to determine its meaning, and ascertaining the mutual intention of the (2nd) 201. Denio Milling Co. vs. Malin 25 Wyo. 143, 165 Pac. 1113, Rohrbaugh vs. Mokler 26 Wyo. 514, 188 Pac. 448, 6 R.C.L. 852 Sec. 241, Holliday vs. Templin 56 Wyo. 94-109.

Again in Wyoming Abstract & Title Co. vs. Wallick 64 Wyo. 458, 196 Pac. (2nd) 384-386, this court stated: "It seems to be quite well established in the law of contracts that, as stated in 17 C.J.S., Contracts § 325, pp. 755-757:

'Where the parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction may be considered by the court in construing the contract, determining its meaning, and ascertaining the mutual intention of the parties at the time of contracting; it is entitled to great, if not controlling, weight in determining the proper interpretation of the contract; and it will generally be adopted by the court.' "

The acts of the parties are such that Baker, the purchaser, is entitled, upon his making payment of the amount due under the contract, to the land. It is agreed that he paid for and has received the cattle.

Under the facts as shown by the record, Collins could not legally declare a forfeiture of the contract without first giving to Baker a notice of his intention so to do, and additionally giving him a reasonable time within which to perform and make payment.

It is now well established in law and in equity that forfeitures are not favored. Before one can declare a forfeiture it must appear that he has a clear right and then too he himself must be free from blame in the premises. Every reasonable presumption is against a forfeiture and every intendment and presumption is against a person seeking to enforce it. 17 C.J.S. 896.

"Provisions for forfeiture may be waived and the courts are quick to take advantage of circumstances indicating such an intention." 17 C.J.S. 897 § 409. And, "So where the time fixed by the contract for performance is permitted to pass, both parties concurring, the time of performance therefore becomes indefinite, and one party cannot rescind until full notice and a reasonable time for performance is given." 17 C.J.S. 1081. "A vendor, who cannot make a clear title in time, cannot, therefore, set up the Purchaser's default in prompt payment of the price." Sec. 381 and also Secs. 394-418-426 Pomeroy's Specific Performance of Contracts.

In line with the holdings of other courts, this court has taken the opportunity to say that, "Forfeitures are not favored, and it is said that slight evidence of the lessor's intention to relinquish his right is sufficient to warrant the finding of waiver."

Investors Guaranty Corp. vs. Thomson 31 Wyo. 264-273, 225 Pac. 590, Pacific-Wyo. Oil Co. vs. Carter Oil Co. 31 Wyo. 314-329, 226 Pac. 193, and in the late case of Larsen Sheep Co. vs. Sjogren 67 Wyo. 447-465, 226 Pac.

(2nd) 177 this court states, "Forfeiture of lease for breach of covenant or condition therein may be waived and, forfeiture not being favored slight circumstances will at times suffice to constitute waiver."

As to forfeiture and reasonable time to perform see also

Moeller et al vs. Good Hope Farms, 35 Wash. (2nd) 777, 215 P. (2nd )425; Reinertson vs. Grant 140 Wash. 372, 249 Pac. 493; Boone vs. Templeman 158 Cal. 290, 110 Pac. 947; Leballister vs. Morris 59 Cal. App. 699, 211 Pac. 851; Monson vs. Bragdon 159 Ill. 61, 42 N.E. 383; Denniston et al vs. Kenova Oil Co. 220 S.W. 1078, 187 Ky. 831.

As to the other small items of damage we find no good reason to interfere with the judgment of the trial court. With the exception of that part of the decree which we have held to be invalid, we think the trial court has arrived at a fair and just solution of the controversy between the parties and to avoid a new trial and to clarify the things that are to be done by the respective parties when the mandate of this court is handed down the following order is made a part thereof:

The District Court of Platte County is directed by its order to require the defendant, W. B. Jones, Administrator of the Estate of W. E. Collins, within ten days after making the order, to deliver to the Clerk of said Court a warranty deed together with an abstract of title to the lands involved herein for the use and benefit of the plaintiff, George Baker, named in the contract as George H. Baker, and then to receive from the Clerk of said Court from the moneys there on deposit the sum of $9600.00 together with interest at five per cent per annum from April 9, 1948 to September 9, 1950, totaling $1160.00, together with accruing interest at the rate of five per cent per annum from September 9, 1950 to the date of the delivery of warranty deed and abstract of title. The plaintiff George Baker is to pay all taxes

accruing on the cattle and premises i.e. the land for the year 1948 and all subsequent taxes for subsequent years. The sum of $1650.00 deposited heretofore with the Clerk of Court is hereby directed to be returned to the plaintiff George Baker by the Clerk of Court for Platte County. In the event of the failure of the defendant, W. B. Jones, Administrator of the Estate of W. E. Collins, deceased, to deposit with the Clerk of Court of Platte County the warranty deed and abstract of title to the lands in controversy, then the order of the District Court for Platte County shall provide for and shall operate as a decree passing good and clear title to said lands from the defendant W. B. Jones, Administrator of the Estate of W. E. Collins, Deceased, to the plaintiff George Baker, sometimes called George H. Baker. The defendant W. B. Jones is to pay the costs of both appeals with no costs assessed as to briefs.

As modified, the decree of the District Court is hereby affirmed.

*Affirmed.*

BLUME, C. J., and RINER, J. concur.