**In the Matter of GRODNIK'S, Inc., Debtor.**

**No. 19450.**

United States District Court, D. Minnesota, Fourth Division.

Feb. 28, 1955.

B. Warren Hart, Faricy, Moore & Costello, St. Paul, Minn., appeared in behalf of claimant.

Charles H. Halpern, Minneapolis, Minn., appeared in behalf of debtor.

NORDBYE, Chief Judge.

The Referee's findings of fact are undisputed. The material facts are that the debtor and Highway Display, Inc., entered into a contract providing for the erection and maintenance of specially built display signs along highways near Minneapolis, Minnesota, for the purpose of advertising debtor's clothing business. The contract provided for payments by debtor of $190 per month for thirty-six months, and contained a clause permitting claimant to declare immediately due and payable any balance owing for the unexpired term, should any default occur in the payments. The debtor apparently complied with the contract until January 4, 1953, but has made no payment since that time. Claimant seeks to recover in full the balance unpaid under the contract, while debtor contends it is liable only for the amount due but unpaid at the initiation of its arrangement proceeding; that the remainder of the claim of Highway Display represents an unenforcible penalty. The Referee found that no overreaching or hardship was involved in the formation of the contract, that the claimant incurred substantially all of the costs necessary to the performance of the contract before the commencement of the arrangement, that the signs could probably not be resold by the claimant and that their salvage value was nil. Therefore, he concluded that the acceleration clause was not a penalty.

Provisions in a contract providing for liquidated damages in event of default are prima facie valid, Blunt v. Egeland, 1908, 104 Minn. 351, 116 N. W. 653, and will be declared invalid only when the damages stipulated bear no reasonable relationship to the amount of actual injury suffered by the breach. Stanton v. McHugh, 1941, 209 Minn. 458, 296 N.W. 521; Goodell v. Accumulative Income Corp., 1932, 185 Minn. 213, 240 N.W. 534; Blunt v. Egeland, supra. Numerous cases have arisen involving facts substantially similar to those in the case at bar. They establish the rule that where, as here, a device is specially designed for a particular user, has no value for other purposes, and where the furnisher of the device incurs most of his costs in connection with the original installation, a provision accelerating the remaining payments is valid and enforcible. Electrical Products Corp. v. Mosko, 1931, 88 Colo. 447, 297 P. 991; Bowen v. Virginia Lee Candies, Inc., Tex.Civ.App.1931, 44 S.W.2d 502; cf. Bassett v. Claude Neon Federal Co., 10 Cir., 1933, 65 F.2d 526; Lamson Co. v. Elliott-Taylor-Woolfenden Co., 6 Cir., 1928, 25 F.2d 4; Lu-Mi-Nus Signs, Inc., v. Jefferson Shoe Stores, Inc., 1930, 257 Ill.App. 150; Federal Sign System Electric v. Soutsos, Sup.1912, 132 N.Y.S. 761; Mosler v. Woodell, 1937, 189 Wash. 583, 66 P.2d 353. It is true that in the last five of these cases, the contracts involved did not permit the creditors to recover the total amount remaining unpaid under the contracts, but only a very large proportion thereof. And it is also true that that factor was considered im-

portant in *Electrical Products Consolidated v. Sweet,* 10 Cir., 1936, 83 F.2d 6. However, there is no indication in the cases involving claims for a stipulated percentage of the unpaid installments that the result would be any different if the contract had contained a stipulation entitling the creditor to the unpaid balance in full. In fact, their reasoning indicates that the result would be the same. Further, the decision in the *Sweet* case, supra, actually turns on the fact that the signs were repossessed by the lessor and sold for a substantial amount. The holding of the case is that the lessor could not repossess and sell the signs and at the same time stand upon the accelerated maturity clause. Therefore, the case is not controlling here.

The debtor here does not quarrel with the rule that a provision in a contract will be construed as a penalty if it bears no reasonable relationship to the amount of actual damages. It contends that by application of this rule we must necessarily come to the conclusion that the provision now under consideration is a penalty. It has not, however, offered any cogent reasons why it should be regarded as unreasonable. The undisputed findings are that prior to the commencement of the arrangement proceedings, the claimant had already incurred in performance of the contract an amount in excess of the amount it would have received had the contract been performed according to its terms. It would seem that even in the absence of this acceleration clause, claimant's damages would have been precisely the sum it seeks here—the amount owing under the contract. It is apparent that a liquidated damages clause which provides for the same damages as would be owing without it cannot be construed as an unreasonable penalty. *Paramount Pictures Dist. Corp. v. Gehring,* 1936, 283 Ill.App. 581.

It follows that the Referee's findings, conclusions, and order must be affirmed. It is so ordered.

An exception is allowed.