Robert H. WALKER and Marian J. Walker, Appellants (Defendants and Third-Party Plaintiffs),

v.

Robert W. GRAHAM and Kristina L. Graham, Appellees (Plaintiffs and Third-Party Defendants).

No. 84–310.

Supreme Court of Wyoming.

Sept. 26, 1985.

Lea Kuvinka of Kuvinka & Kuvinka, and W. Keith Goody, Jackson, for appellants.

Lawrence B. Hartnett of Hartnett & Moyer, Jackson, for appellees.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

In an action for breach of contract, plaintiffs-appellees sought to recover damages and attorney's fees. A jury found no damages, but awarded appellees $14,700 in attorney's fees. The judgment awarded to appellees the attorney's fees and the $5,000 earnest money deposit given to appellees by appellants. Appellants raise the following issues on appeal:

"1. Did the District Court abuse its discretion by ordering the Appellees to retain possession of the earnest money deposit under the terms of the parties' contract when the Appellees elected to proceed in the basis that the contract had been affirmed rather than terminated?

"2. Did the District Court err by not granting the Appellants Motion for Judgment Not Withstanding the Verdict with respect to the attorney's fee award in favor of the Appellees?"

We reverse.

Appellants entered into a contract with appellees to purchase appellees' residence in Teton County, Wyoming, for the sum of $665,000. The contract was executed on August 30, 1982, with the closing date set for September 7, 1982. On September 1, 1982, appellants informed appellees that they would not be purchasing the home. On September 9, 1982, appellees sold the home to a third party for $600,000.

Appellees thereafter brought suit against appellants for breach of contract, asking for damages based on the difference between the contract price of $665,000 and the market value of the property on the date of the breach, which they alleged was the resale value of $600,000. In defense, appellants alleged that there were no damages suffered by appellees and that appellees were estopped from saying that the value of the property at the time of the breach was less than $665,000. Appellants also raised several counterclaims.

After a trial by jury, the jury found, on a special verdict form, (1) that there was a contract between the parties (2) that was breached (3) by appellants; that the appellees did not (4) commit fraud or (5) violate a

real estate duty; (6) that the market value of the home on the date of the breach was $665,000; (7) that the appellees are estopped from claiming the value of the home on that date was less than $665,000; and (8) that appellees are entitled to $14,700 in attorney's fees. In the judgment, the trial court also ruled:

"8. That, as a matter of law, the [appellees] are entitled to retain the $5,000.00 earnest money deposit according to the terms of the contract entered into by the parties."

## EARNEST MONEY DEPOSIT

The contract provided:

"15. Time is of the essence hereof, and if any payment or any other condition hereof is not made, tendered or performed by either the Seller or Purchaser as herein provided, then this contract, at the option of the party who is not in default or breach, may at that party's option, be terminated by such party, in which case the nondefaulting party may recover such damages as may be proper or such party may require specific performance of the other herein. In the event of such default by the Purchaser, and the Seller elects to treat the contract as terminated, then all payments made hereunder shall be forfeited and retained on behalf of the Seller. In the event, however, the nonbreaching or nondefaulting party elects to treat this contract as being in full force and effect, then nothing herein shall be construed to prevent its specific performance."

Before trial, it was appellants' position that the earnest money deposit was all that appellees were entitled to. In their answer, appellants state:

"21. The contract attached to plaintiffs['] complaint as Exhibit A was drafted by plaintiffs and their agents. Paragraph 15 of said contract attached to plaintiffs' complaint as Exhibit A did, by its terms, specifically limit plaintiffs' damages to the forfeiture of the the [sic] earnest money held on the behalf of the plaintiffs or the plaintiffs' right to elect to pursue specific performance of the contract.

"22. Plaintiffs terminated the contract by electing to execute another sales contract on the same property on September 9, 1983.

"23. Defendants were not refunded their earnest money deposit.

"24. Plaintiffs are believed to be in exclusive control of the defendants' earnest money deposit of FIVE THOUSAND DOLLARS ($5,000.00).

"25. Plaintiffs elected their remedy for defendants' breach of contract by constructively accepting the earnest money deposit of the Plaintiffs pursuant to paragraph 15 of the contract."

Appellants further asserted that the acceptance of the earnest money deposit amounted to an accord and satisfaction of the damages to which appellees were entitled under the contract.

■ Paragraph 15 of the contract, supra, clearly sets out two alternative remedies for a nonbreaching party in the event of a breach of contract: (1) Specific performance, or (2) such damages as may be proper. Appellees contend that the phrase "damages as may be proper" includes, but is not limited to, a forfeiture of the earnest money deposit in the event of purchaser's breach. A close reading of the paragraph shows that this is not true. It appears that the sentence, "In the event of such default by the Purchaser, and the Seller elects to treat the contract as terminated, then all payments made hereunder shall be forfeited and retained on behalf of the Seller," is not a part of the alternative remedies enumerated above, but is simply a forfeiture provision.

■ It might be argued that that sentence refers to liquidated damages. It is not important whether the parties themselves have chosen to call a provision one for liquidated damages or have styled it a penalty. *Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 393 N.Y.S.2d 365, 369, 361 N.E.2d 1015, 1018 (1977). It is virtually the unanimous rule

in all jurisdictions that whether a provision is one for liquidated damages or a penalty is a question of law for the court. *Marcam Mortgage Corporation v. Black*, Wyo., 686 P.2d 575, 580 (1984); *Ruckelshaus v. Broward County School Board*, 494 F.2d 1164, 1165 (5th Cir.1974).

A provision for liquidated damages is generally defined as follows:

" ' * * * Generally speaking, it may be said that when the damages arising from the breach of the contract which the obligation is given to secure are uncertain in their nature and not readily susceptible of proof by the ordinary rules of evidence, and are not so disproportionate to the probable damages suffered as to appear unconscionable, and it is reasonably clear from the whole agreement that it is the intention of the parties to provide for liquidated damages and not a penalty, such a stipulation will be held to be one for liquidated damages.' " *Mead v. Anton*, 33 Wash.2d 741, 207 P.2d 227, 237, 10 A.L.R.2d 588 (1949) quoting from *Madler v. Silverstone*, 55 Wash. 159, 104 P. 165, 34 L.R.A., N.S., 1.

In *Ray v. Electrical Products Consolidated*, Wyo., 390 P.2d 607, 608 (1964), we adopted that said in Restatement, Contracts, § 339, p. 552 (1932):

" '(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

" '(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

" '(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.' "

■ Damages for a breach of contract for sale of real property are not difficult of accurate estimation. They are measured by the difference between the contract price and the value of the property at the time of the breach of contract. Such damages represent the loss of the bargain. *Reed v. Wadsworth*, Wyo., 553 P.2d 1024, 1035 (1976).

It is clear, therefore, that the sentence in question is a provision for a forfeiture, or penalty.

■ While provisions for liquidated damages are valid and enforceable, courts avoid the enforcement of a provision for liquidated damages if it is actually in the nature of a penalty. *American Financial Leasing and Services Co. v. Miller*, 41 Ohio App.2d 69, 70 Ohio Op.2d 64, 322 N.E.2d 149, 151 (1974).

"If the stipulation in the contract is deemed to be one for a penalty, it is not enforceable, and no sum can be recovered or allowed other than that which will compensate for the actual loss sustained and proved." 22 Am.Jur.2d Damages § 232, p. 319 (1965).

"Under a provision construed to be a penalty nothing can be recovered for a breach of the contract where no actual damages appear." 22 Am.Jur.2d Damages § 234, p. 321 (1965).

We said as far back as 1952 that:

"It is now well established in law and in equity that forfeitures are not favored. Before one can declare a forfeiture it must appear that he has a clear right and then too he himself must be free from blame in the premises. Every reasonable presumption is against a forfeiture and every intendment and presumption is against a person seeking to enforce it. 17 C.J.S., Contracts, § 407, page 896. 'Provisions for forfeiture may be waived and the courts are quick to take advantage of circumstances indicating such an intention.' 17 C.J.S., Contracts, § 409, page 897. * * *

"In line with the holdings of other courts, this court has taken the opportunity to say that, 'Forfeitures are not favored, and it is said that slight evidence of the lessor's intention to relinquish his right is sufficient to warrant the finding of waiver.' " *Baker v. Jones*, 69 Wyo. 314, 240 P.2d 1165, 1171–1172 (1952).

We repeated this in *Younglove v. Graham & Hill*, Wyo., 526 P.2d 689, 692 (1974), where we said that forfeitures are not fa-

vored and equity abhors a forfeiture. We went on to say that whether a forfeiture will be permitted depends on the facts of the particular case.

■ Based on the facts of this case, we hold that the forfeiture clause should not be enforced. The record indicates that the appellees waived their right to the earnest money deposit. They at no point asked to be awarded said amount, even in the face of appellants' answer and various other filings of appellant. The court apparently just awarded the deposit to appellees out of the blue, and of course appellees attempted to argue that they deserved such award after the fact, but by then the right, if indeed appellees ever had such a right, was waived.

In addition, in light of the failure by appellees to prove any actual damages whatsoever, we refuse to here enforce said forfeiture even had there not been a waiver.

"We think there can be no quarrel with the rule that a provision in a contract will be construed as a penalty or forfeiture and hence unenforceable if it bears no reasonable relationship to the amount of actual damages. *In re Grodnik's, Inc.,* D.C.Minn., 128 F.Supp. 941, 943 [ (1955) ]; *Fox Chicago Realty Corporation v. Zukor's Dresses, Inc.,* 50 Cal.App.2d 129, 122 P.2d 705, 708 [ (1942) ]; *Electrical Products Corporation v. Ziegler Drug Stores, Inc.,* 141 Or. 117, 10 P.2d 910, 15 P.2d 1078, 1081. This is simply another way of stating the rule which we previously quoted from A.L.I. Restatement, Contracts." *Ray v. Electrical Products Consolidated,* supra, 390 P.2d at 609.

## ATTORNEY'S FEES

■ The jury awarded $14,700 to appellees for attorney's fees. The general rule is that each party must bear his or her own costs and fees incurred in litigation. *Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). See critique of Alyeska in "Attorney's Fees in Public Interest Litigation," comment by Mark

Quiner in 16 Land and Water L.Rev. 727 (1981). One exception, however, is that attorney's fees are generally not available unless provided for by statute or a contract. *Coulter v. City of Rawlins,* Wyo., 662 P.2d 888, 904 (1983). The parties' contract states in pertinent part:

"16. In the event that any party shall become in default or breach of any of the terms of this Agreement, such defaulting or breaching party shall pay all reasonable attorneys' fees and other expenses which the nonbreaching or nondefaulting party may incur in enforcing this Agreement, with or without suit. * * * "

The words "enforcing this Agreement" can only logically be read to mean "successfully enforcing the terms of this Agreement." One cannot be said to have "enforced" an agreement if one is not the prevailing or successful party. The United States Supreme Court has said that one formula used in determining whether a party has prevailed is:

" ' * * * if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' * * * " *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), quoting from *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir.1978).

They have also said that the prevailing party must " 'essentially succeed[ ] in obtaining the relief he seeks in his claims on the merits.' " *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983), quoting from *Bagby v. Beal,* 606 F.2d 411, 415 (3rd Cir.1979).

While it is true that the jury found that appellants breached the contract, and this is some evidence of appellees' success, the jury also found that appellees suffered no damage and were estopped to assert that the value of the property was less than the contract price. The benefit appellees sought to achieve was damages based on the breach, not just that there was a breach which resulted in no damage.

This court has said that the reasonableness of attorney's fees must always depend upon the facts and circumstances of the litigation. *Anderson v. Meier*, Wyo., 641 P.2d 187, 192 (1982). The award of attorney's fees was not appropriate in this case because the contract provided for such only in the event of enforcement of the contract, and such was not accomplished inasmuch as appellees failed to prove that they were in any way damaged.

In light of the foregoing, we reverse the trial court both as to the retention by appellees of the earnest money deposit and as to the award to appellees of their attorney's fees.

CARDINE, Justice, partially dissenting, with whom ROSE, Justice, joins.

I would affirm the judgment of the district court insofar as it awards the earnest money deposit in the amount of $5,000 to appellees. The parties entered into a purchase, offer and acceptance agreement under which appellees agreed to sell their residence and appellants agreed to purchase the same for $665,000. Appellants paid appellees $5,000 as earnest money and as consideration for appellees' promise to sell at the price and upon the terms and considerations stated. Appellees were obligated to sell; appellants were obligated to buy. Within a few days, appellants informed appellees that they would breach the agreement and would not purchase the residence at the price stated. Appellees treated the agreement as terminated and sold the residence to a third party for the sum of $600,000.

The portion of the agreement that deals with the rights and remedies of the parties upon breach provides:

"15. Time is of the essence hereof, and if any payment or any other condition hereof is not made, tendered or performed by either the Seller or Purchaser as herein provided, then this contract, at the option of the party who is not in default or breach, may at that party's option, be terminated by such party, in which case the nondefaulting party may recover such damages as may be proper or such party may require specific performance of the other herein. In the event of such default by the Purchaser, and the Seller elects to treat the contract as terminated, then all payments made hereunder shall be forfeited and retained on behalf of the Seller. In the event, however, the nonbreaching or nondefaulting party elects to treat this contract as being in full force and effect, then nothing herein shall be construed to prevent its specific performance."

The opinion of the court correctly holds that the right of a nonbreaching party to

(a) "recover such damages as may be proper"

and

(b) to retain on behalf of seller "all payments made hereunder"

are separate remedies, each available to the nonbreaching seller. That the sellers did not recover damages should not prevent them from the benefits of the written agreement with respect to the earnest money deposit. The buyers in this action did not seek to recover the $5,000 deposit. Buyers candidly admitted that, per the agreement, it should be retained by sellers. The question of the right to this deposit, which this court seeks to answer, was never presented to the jury nor decided. I do not see how this court can now direct entry of a judgment against appellants in the amount of $5,000—the earnest money deposit—when appellees did not pray for nor seek this relief in this litigation.

I concur with the majority disposition as to the attorney's fee.