**DAHLSTROM CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**STATE HIGHWAY COMMISSION OF the STATE OF MISSISSIPPI, Defendant-Appellee.**

No. 78–2931
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 2, 1979.

Rehearing Denied March 26, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Pack, Ratcliff & Ratcliff, Kalford C. Ratcliff, Laurel, Miss., Max E. Greenberg, Washington, D. C., for plaintiff-appellant.

Gerald, Brand, Watters, Cox & Hemleben, Luther S. Ott, Jackson, Miss., A. F. Summer, Atty. Gen. of Mississippi, Frank E. Shanahan, Jr., Asst. Atty. Gen., Jackson, Miss., for defendant-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant, a Texas corporation with principal place of business in Dallas, Texas, was the general contractor for the construction of two portions of Interstate Highway 10 in Harrison and Jackson Counties, Mississippi, under Contracts "23" and "30", with completion date of August 4, 1975. Because Dahlstrom was 230 days late in completing Contract "23", and 235 days late in completing Contract "30", liquidated damages were assessed by the Highway Commission with each contractual payment until completion of the projects. In addition to providing for such liquidated damages, Contracts 23 and 30 contained the following clause:

> Acceptance of any progress payment accompanying any estimate, without written protest, shall be an acknowledgement by the Contractor that the number of accumulated calendar days and the rate of [$425.00 per day for Contract "23" and $475.00 per day for Contract "30"] per calendar day shown on such estimate are correct . . . . .

By the time of final payment estimate under the contracts, the respective liquidated damages totalled $97,750.00 (adjusted) under Contract 23 and $111,650.00 under Contract 30. Appellant does not challenge the accuracy of the amounts assertedly withheld, and admits that it received and accepted such payments without written protest at the time. Independent written protest was, however, filed with the Commission on or about February 22, 1977.

After a hearing on appellee's motion for summary judgment under Rule 56, the District Court entered summary judgment for appellee, finding that the contract provisions were not ambiguous, fraudulent or in violation of any public policy, and that by accepting payment under the Contracts without written protest, Dahlstrom had waived its right to object to the assessments.

Here, determination of the propriety of summary judgment is limited to a question of correctness of two questions of law: whether the stipulated damages provision was correctly construed as one for liquidated damages, rather than a penalty, and if so, whether Dahlstrom waived its right to protest the amounts assessed against it.

When called upon to do so, Mississippi courts will attempt to distinguish between valid liquidated damages provisions, and clauses constituting a penalty, which are invalid. *Shields v. Early*, 132 Miss. 282, 95 So. 839, 841 (1923). While the presumption is in favor of a finding of "penalty," *Id.*, the courts have held that "[t]he essence of a penalty is a payment of money stipulated as in terrorem of the party breaching the contract; while the essence of liquidated damages 'is a genuine covenanted pre-estimate of damages'." *Id.* Furthermore, this Court has noted that "[w]here it is inherently difficult to approximate the actual damages that a breach will cause," Mississippi courts "tend to be particularly

indulgent of contractual provisions that prescribe a crude but convenient liquidation of the parties' rights." *Patrick Petroleum of Mich. v. Callon Petroleum Co.*, 5 Cir. 1976, 531 F.2d 1312, 1316.

Viewing the facts in the light most favorable to Dahlstrom as the nonmoving party, *Northwest Power Prods., Inc. v. Omark Industries, Inc.*, 5 Cir. 1978, 576 F.2d 83, 85, we find no reasonable basis for construing the questioned contractual provisions as anything but as valid liquidated damages clauses. Estimation of the degree of damages flowing to the State from a delay in major interstate highway construction would by their very nature be difficult to measure. In Mississippi, where such damages for breach are both "uncertain and difficult of estimation," such a provision has regularly been construed as one for liquidated damages. *Wood Naval Stores Export Ass'n v. Latimer*, 220 Miss. 652, 71 So.2d 425, 431 (1954); *Brown v. Staple Cotton Cooperation Assn.*, 132 Miss. 859, 96 So. 849, 856 (1923). While the amounts assessed against Dahlstrom as liquidated damages totalled more than $200,000, this was assessed against contracts whose original prices totalled $9.1 million, resulting in assessments of less than 2.5 percent of the original contract price.

▮ Here there was no assertion of facts precluding a finding of actual damages suffered by the principal, despite the contractor's delay, as was the case in *Massman Const. Co. v. City Council of Greenville, Miss.*, 5 Cir. 1945, 147 F.2d 925, 927–8. Viewed in this factual setting, the District Court correctly treated the clauses in question as liquidated damage clauses under Mississippi law.

▮ Once the contractual provisions are viewed as valid provisions for liquidated damages, it also becomes clear that by accepting the tendered progress payments subject to such assessments Dahlstrom waived any right to dispute their correctness. In *Hoerner v. First National Bank of Jackson*, 254 So.2d 754, 761–2 (1971), the Mississippi Supreme Court held that where the minutes of the recipient corporation reflected that the security guarantor "had knowledge of and approved the various transactions of the corporation," and had directly benefitted from the loan proceeds obtained, he was estopped from disclaiming liability under the continuing guaranty clause.

The Court also cited with approval its decision in *Wood Naval Stores*, 220 Miss. at 664, 71 So.2d at 430, where it said:

"Where one having the right to accept or reject a transaction takes and retains benefits thereunder, he ratifies the transaction, is bound by it, and cannot avoid its obligation or effect by taking a position inconsistent therewith. A party cannot claim benefits under a transaction or instrument and at the same time repudiate its obligations." 31 C.J.S. Estoppel § 109 a, p. 347; and cases cited.

The appellant accepted progress payments subject to the contractual liquidated damage provisions which were clearly valid under Mississippi law. The summary judgment entered against it by the District Court must be affirmed.

AFFIRMED.