BOARD OF TRUSTEES OF STATE IN-
STITUTIONS OF HIGHER
LEARNING, Plaintiff-Appellee,

v.

Elbert Homer WOOD, Jr.,
Defendant-Appellant.

No. 85–4115.

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 1986.

Beth C. Clay, Alex A. Alston, Jr., Jackson, Miss., for defendant-appellant.

Charles G. Copeland, James R. Moore, Jr., Jackson, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, and TATE, and DAVIS, Circuit Judges.

PER CURIAM:

The Board of Trustees of State Institutions of Higher Learning adopted Rules and Regulations to govern loans to medical students designed to encourage needed medical practice in Mississippi communities of 10,000 and under. Dr. Elbert Homer Wood, Jr. applied for and was granted a loan at a time when the Rules and Regulations provided (1) for residency training only in the specialties of Family Practice, Internal Medicine and Pediatrics; (2) that

the Board's Rules and Regulations were a part of every loan contract; and (3) that any breach of contract matured the loan and, upon demand, made liquidated damages of $5,000 for each unfulfilled year of the required five years of practice then due and payable.

Disregarding the Board's express refusal of his request to waive the residency training restrictions for him, Dr. Wood chose to pursue a residency in Obstetrics and Gynecology. The Board brought the present action to recover the loan with interest and liquidated damages. The district court found the Board's rule restricting specialization to be reasonably related to the purposes of the medical loan program and validly promulgated. The court further found that Dr. Wood had committed an anticipatory breach of contract that gave rise to an immediate right of action in the Board and entered judgment for the loan amount of $12,000 plus $25,000 in liquidated damages with interest.

In the present appeal, Dr. Wood argues that the Board's rule exceeds and contravenes the Mississippi statutory scheme governing medical loans and converts the liquidated damage provision incorporated in the statutes into an impermissible penalty. The Board contends that they have power to promulgate the Rules and Regulations enumerated above under their statutory authority to prescribe rules and regulations deemed necessary to carry out the purposes of the loan program.

■ The statutory provision authorizing the promulgation of rules and regulations by the Board was broad enough to encompass the limitation on residency training. The choice to permit only certain specialization by those returning to community practice serves a central aim of the loan program, i.e. to secure the most needed types of practice. That the choice was committed by the legislature to the agency, not the loan recipient, is obvious.

■ The rules and regulations were incorporated into the contract prior to its execution by Wood. Wood's application to the Board acknowledges that he sought to change the obligation of his contract. At the present time, borrowers are permitted to specialize in obstetrics and gynecology but this change in policy does not apply to Wood. The Board's new determination that such a specialty is now desirable in Mississippi may speak to the equities of the Board's enforcement action, but it does not change their legal right to demand that Wood perform as he agreed.

Whether a provision calling for the imposition of a stipulated sum is to be considered a penalty or liquidated damages is a question of law for the court. *Ruckelshaus v. Broward County School Board,* 494 F.2d 1164, 1165 (5th Cir.1974). Mississippi courts distinguish between valid liquidated damages provisions and invalid penalty clauses. "The essence of a penalty is a payment of money stipulated as in terrorem of the party breaching the contract; while the essence of liquidated damages 'is a genuine covenanted pre-estimate of damages.'" *Shields v. Early,* 132 Miss. 282, 95 So. 839, 841 (1923). This Court has found that "[w]here it is inherently difficult to approximate the actual damages that a breach will cause," Mississippi courts "tend to be particularly indulgent of contractual provisions that prescribe a crude but convenient liquidation of the parties' rights." *Patrick Petroleum of Mich. v. Callon Petroleum Co.,* 531 F.2d 1312, 1316 (5th Cir.1976).

■ This statutory scheme does not impose a penalty but instead envisions liquidated damages. At the time of execution of the contract, an estimation of the degree of damages flowing to the state as a result of Dr. Wood's failure to return to Mississippi to practice medicine only in one of the designated specialties would have been difficult to measure or establish. "In Mississippi, where such damages for breach are both 'uncertain and difficult of estimation,' such a provision has regularly been construed as one for liquidated damages." *Dahlstrom Corp. v. State Highway Commission, Etc.,* 590 F.2d 614 (5th Cir.1979) (citing *Wood Naval Stores Export Ass'n.*

*v. Latimer,* 220 Miss. 652, 71 So.2d 425, 431 (1954); *Brown v. Staple Cotton Cooperation Assn.,* 132 Miss. 859, 96 So. 849, 856 (1923)).

Wood has chosen to pursue his post-graduate residency training in a specialty not permitted by his contract and has consequently breached its terms. The judgment appealed from is

AFFIRMED.